**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| CEMENT MASONS, PLASTERERS, AND SHOPHANDS SERVICE CORPORATION, | Civil No. 24-3827 (JRT/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| SURFACE PROS LLC and STACEY RIPLEY, *individually*, | |
| Defendants. | |

---

Amanda R. Cefalu, Pamela Hodges Nissen, **REINHART BOERNER VAN DEUREN S.C.**, 800 Nicollet Mall, Suite 2690, Minneapolis, MN 55402, for Plaintiff.

Gregory M. Miller, **MILLER LAW OFFICE P.A.**, 980 Inwood Avenue North, Oakdale, MN 55128, for Defendants.

Plaintiff Cement Masons, Plasterers and Shophands Service Corporation have moved for summary judgment on Counts 1 and 2 of their Amended Complaint, consisting of claims for violations of the Employee Retirement Income Security Act of 1974. (Am. Compl., Apr. 14, 2025, Docket No. 27.) Defendants did not file a memorandum in opposition to the motion and instead filed a letter on December 19, 2025, stating:

> In discussing this matter with my clients and given that Surface Pros LLC has ceased all business operations earlier this fall, my clients have chosen not to submit any pleadings in opposition to the summary judgment motion of Plaintiff.

(Letter, Dec. 19, 2025, Docket No. 45.)

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After careful review of the record, even viewing the facts in the light most favorable to the Defendants, the Court concludes that Plaintiff has carried its burden of showing that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law as to the allegations in Counts 1 and 2 of Plaintiff's Amended Complaint. The Court will therefore grant Plaintiff's summary judgment motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (Docket No. [36]) is **GRANTED** as follows:

1. Defendants are jointly and severally liable to Plaintiff in the amount of §340,806.18, consisting of unpaid fringe benefit contributions, liquidated damages, and interest, pursuant to 29 U.S.C. § 1132(g)(2)(A)–(D).

-2-

2.  Pursuant to 29 U.S.C. § 1132(g)(2)(D), Defendants are jointly severally liable for Plaintiff's reasonable attorney's fees and costs in an amount to be determined by the Court.  Plaintiff may file a motion seeking attorney's fees and costs in accordance with Fed. R. Civ. P. 54.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 29, 2026                              _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge