**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CEMENT MASONS, PLASTERERS, AND SHOPHANDS SERVICE CORPORATION,

Plaintiff,

v.

SURFACE PROS LLC, and

STACEY RIPLEY, *individually*,

Defendants.

Civil No. 24-3827 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

---

Amanda R. Cefalu and Pamela Hodges Nissen, **REINHART BOERNER VAN DEUREN S.C.**, 800 Nicollet Mall, Suite 2690, Minneapolis, MN 55402, for Plaintiff.

Gregory M. Miller, **MILLER LAW OFFICE P.A.**, 980 Inwood Avenue North, Oakdale, MN 55128, for Defendants.

In April 2026, the Court granted Plaintiff's Motion for Summary Judgment in this case. *Cement Masons, Plasterers, & Shophands Serv. Corp. v. Surface Pros LLC*, Civ. No. 24-3827, 2026 WL 1895875 (D. Minn. Apr. 30, 2026). The Court concluded that Defendants are jointly and severally liable to Plaintiff for unpaid fringe benefit contributions, liquidated damages, and interest, pursuant to 29 U.S.C. § 1132(g)(2)(A)–(D). *Id.* at *1. Plaintiff now moves for attorney's fees. (Mot. Atty.'s Fees, May 13, 2026, Docket No. 49.)

29 U.S.C. § 1132(g)(2)(D) provides for attorney's fees and costs "[i]n any action under this subchapter by a fiduciary or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded . . . ." "Under ERISA, an award of reasonable attorney's fees and costs is mandatory when a fiduciary has successfully sued to enforce an employer's obligation to make contributions to a multiemployer plan." *Nali v. MaxPro Flooring, LLC*, Civ. No. 09-3625, 2013 WL 673779 at *9 (D. Minn. Feb. 25, 2013). Defendant has not opposed any aspect of Plaintiff's motion.

After careful review of Plaintiff's filings, the Court concludes that Plaintiff's requested hourly rates—between $225 and $390 per hour[1]—are reasonable in this matter. *See Utecht v. Diamond Lake, Inc.*, Civ. No. 16-118, 2017 WL 6734178, at *7 (D. Minn. Dec. 29, 2017) (finding a range of rates from $160 to $385 per hour to be reasonable). Moreover, the Court is satisfied with Plaintiff's documentation of details related to the 132.9 hours of legal work billed on this case[2] and finds the hours billed to be reasonable.

Because Defendants are liable to Plaintiff under 29 U.S.C. § 1132(g)(2)(D) for reasonable attorney's fees, the Court will order Defendants to pay Plaintiff $46,943.00.

---

[1] (Decl. of Amanda R. Cefalu ¶¶ 7, 10–12, May 13, 2026, Docket No. 54.)

[2] (Decl. of Amanda R. Cefalu, Ex. 1.)

**ORDER**

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff's Motion for Attorney's Fees (Docket No. [49]) is **GRANTED;** and
2. Defendants shall pay Plaintiff **$46,943.00** in attorney's fees.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 18, 2026
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge